## LOUIS COULTRESS V. THE STATE.

No. 10685.   Delivered March 23, 1927.

Rehearing denied May 11, 1927.

**1.—Murder—Continuance—Third Application—Properly Refused.**

Where appellant sought a third continuance on account of the absence of a witness, and the facts expected to be proven by said witness, were testified to on the trial by five other witnesses, there was no error in refusing the continuance.

**2.—Same—Charge of Court—No Error Shown.**

Where the charge of the court has evidently been corrected to meet the objections presented to same upon the trial, such objections and exceptions to the charge present no error.

### ON REHEARING.

**3.—Same—Charge of Court—On Issue Not Raised—Properly Refused.**

Where, on a trial for murder, the defensive theory of appellant being self-defense against an actual attack made upon him by the deceased, there being no evidence in the case that would raise the issue of apparent and not actual danger, there was no error in the refusal of the court to charge on apparent danger, viewed from the standpoint of the defendant.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*C. M. Chambers,* District Attorney of Bexar County; *Lamar Seeligson,* Assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant killed Manuel Salinas, was convicted of murder and his punishment assessed at fifteen years in the penitentiary.

Some trouble arose between appellant and deceased a week or ten days before the killing at a gambling house. At this time deceased had a pistol and invited appellant to come downstairs and shoot it out. Friends of appellant prevented him from going. Deceased made threats to kill appellant, some of which were communicated and others not. The night before the killing the parties met again at the same place. At this time appellant was drinking and apparently made an effort to renew the trouble, but was prevented by third parties. The next day about 3 o'clock deceased was in the same gambling resort when appellant entered, approached deceased and made some friendly overtures, which were met by deceased in like manner. At this point the evidence diverges. That for the state is to the effect that appellant then made an insulting remark to deceased, drew his gun and fired when deceased was doing nothing indicating a hostile purpose. The evidence for appellant on the contrary is to the effect that deceased drew his gun and fired first at appellant. Two shots were fired by each party. Appellant was wounded, some of the evidence indicating from shots fired by deceased after he had fallen.

Appellant sought a continuance on account of the absence of the witnesses Guzman, Samora and Costillo. The qualification to the bill complaining at the court's action in denying the continuance states that it was appellant's third application. The two last named witnesses appeared and testified. The application on its face shows that Guzman and Samora would testify to the same facts. In addition to Samora's evidence three other witnesses testified to the same facts which it was shown Guzman was expected to relate. No error was committed in overruling the application.

All other bills of exception relate to criticisms of the court's charge. The instructions given, in connection with the special charges which were submitted at appellant's request, have been examined in the light of the objections urged. If ground ever existed for some of the criticisms the instructions must have been changed to meet the objections as many now appear ground-

less.   The others are not thought to be meritorious.   Considering the main charge and special charges together, appellant appears to have been protected in all his legal rights, and we perceive nothing that could have resulted to his injury.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the trial court erred in his charge in not submitting self-defense based on apparent danger as viewed from the standpoint of the appellant. Paragraph ten of the court's charge is as follows:

"A reasonable apprehension of death or great bodily harm will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted on a reasonable apprehension of danger, as it appeared to him from his standpoint at the time, and in such case, the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant."

In paragraph 11 the court told the jury that if from the evidence they found that appellant killed Salinas, but that at the time of so doing deceased was making an attack upon him, which from the manner and character of it, etc., caused appellant to have a reasonable expectation or fear of death or serious bodily injury, etc., they should acquit him.   Examining the statement of facts, we note that appellant's witness Casias, an eye-witness, testified that following an exchange of words between appellant and deceased, "Then the deceased jerked his hand out of Louis' hand and pulled out a gun from his shirt; he pulled it out and fired.   He fired at the defendant, I guess.   The defendant shoved Trovar with his left hand a step or two and went for his gun, too, and pulled out his gun and fired."   There seems no issue made of the fact that Salinas had a pistol, nor is there any controversy over the proposition that Salinas had threatened to kill appellant prior to the time of this homicide, and that the fact of such threats had been communicated to appellant.   The court gave a special charge telling the jury that if they found that prior to the homicide defendant had been informed that deceased had threatened appellant's life, and further that at the time appellant fired the fatal shot, viewing the facts and circumstances from his standpoint, it reasonably appeared to him that Salinas, by some act then done manifested an immediate intention to execute the threat, if any, of which defendant had been

informed, the jury should acquit, although they might find that deceased made no threats against defendant, and that he was in no real danger at the time he fired said shot. We are not impressed with any belief that the jury were left without sufficient guide in the instructions of the court, as to the rights of appellant, both from the standpoint of appearance of danger as well as of real danger. If the evidence supports any theory regarding danger to appellant at the time he shot Salinas, it was from an actual attack and not from an apparent attack only. As stated above, Salinas had a pistol and drew it in the melee and fired it. The state witnesses insisted that he only drew it after he was shot by appellant and not before.

Believing the case was properly decided in our original opinion, the motion for rehearing will be overruled.

*Overruled.*

Morrow, P. J., not sitting.